IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TABATHA LAMBERT                                                                    PLAINTIFF

v.                                          CIVIL NO. 22-2161

KILOLO KIJAKAZI, Acting Commissioner
Social Security Administration                                                     DEFENDANT

## **MEMORANDUM OPINION**

Plaintiff, Tabitha Lambert, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed her current application for DIB on May 2, 2019, alleging an inability to work since December 6, 2019, due to lower back surgery, rotator cuff surgery and back pain. (Tr. 304, 343). An administrative telephonic hearing was held on November 18, 2021, at which Plaintiff appeared with counsel and testified. (Tr. 318-339).

By written decision dated January 5, 2022, the ALJ found that since the alleged onset date, December 6, 2019, Plaintiff had the following severe impairments: degenerative disc disease of the spine and post laminectomy syndrome. (Tr. 306). However, after reviewing all of the evidence presented, the ALJ determined since December 6, 2019, Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in

1

Appendix I, Subpart P, Regulation No. 4. (Tr. 307). The ALJ found since December 6, 2019, Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except can occasionally climb, balance, stoop, kneel, crouch and crawl.

(Tr. 307). With the help of a vocational expert, the ALJ determined that since December 6, 2019, Plaintiff could perform work as a production assembler, a collator operator, and a routing clerk. (Tr. 312). However, beginning on January 4, 2022, considering Plaintiff's age, education, work experience and RFC, the ALJ found there were no jobs that exist in significant numbers in the national economy that Plaintiff could perform. (Tr. 312). Therefore, the ALJ found Plaintiff was not disabled prior to January 4, 2022, but she became disabled on this date. *Id*.

Plaintiff then requested a review of the hearing decision by the Appeals Council, who after reviewing additional evidence submitted by Plaintiff denied that request on August 10, 2022. (Tr. 292-297). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos 17, 19).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words,

if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff argues the following issues on appeal: 1) Potential error of the alleged onset date; 2) the RFC is inconsistent with the evidence; and 3) Improper Step Five findings. (ECF No. 17). Defendant argues the ALJ properly considered all of the evidence and the decision is supported by substantial evidence. (ECF No. 19).

In determining that Plaintiff maintained the RFC to perform light work with limitations prior to January 4, 2022, the ALJ considered the medical assessments of the examining and non-examining agency medical consultants; Plaintiff's subjective complaints; and her medical records. While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole, the Court finds Plaintiff failed to meet her burden of showing a more restrictive RFC for the time period in question. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant). The Court finds substantial evidence supporting the ALJ's RFC.

With respect to the ALJ's Step Five determination, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that prior to January 4, 2022, Plaintiff's impairments did not preclude her from performing work as a production assembler, a collator operator, and a routing clerk. *Goff v. Barnhart,* 421 F.3d 785, 794 (8th Cir. 2005) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to

support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

  DATED this 13th day of November 2023.

          /s/ *Christy Comstock*
          HON. CHRISTY COMSTOCK
          UNITED STATES MAGISTRATE JUDGE